UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

CYNTHIA SUE GABARA, et al.,

    Debtors.
_____/

LIBERTY MUTUAL INSURANCE COMPANY,
a Massachusetts Corporation,

    Plaintiff,

v.

MERTON S. GABARA, et al.,
    Defendants.
_____/

Case Nos.    16-21394-dob
                 16-21395-dob
                 16-21392-dob
                 16-21391-dob
Chapter 7 Proceedings
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 20-2053-dob

## OPINION REGARDING DEFENDANTS' MOTION TO DISMISS

### Introduction

Before the Court are two Motions to Dismiss, one by Defendants Jenna Oliver and Crystal Parris, the other by Defendants Merton Gabara, Gary Lumsden and Tamyra Crittenden. This Adversary Proceeding is a direct referral from the United States District Court for the Eastern District of Michigan ("District Court"), of an action commenced by Liberty Mutual Insurance Company ("Liberty Mutual") against Defendants to set aside a settlement agreement resulting in the dismissal and closure of adversary proceedings previously pending between Liberty Mutual and Debtors in the underlying bankruptcy cases of Cynthia Gabara, Cheryl Lumsden, Richard Crittenden and Michael Crittenden.

### Jurisdiction

The parties do not agree that this is a core proceeding. Therefore, the Court could only have jurisdiction of this proceeding if it is determined to be "related to" these Chapter 7 bankruptcy cases pursuant to 28 U.S.C. § 1334(b).

1

Facts

The District Court entered an Order on December 8, 2020 referring this matter to this Court. That Order summarizes the facts and procedural history as follows:

ORDER REFERRING CASE
TO BANKRUPTCY COURT

Plaintiff filed this action on July 16, 2020, and Defendants moved to dismiss. Because the court finds that this case is related to a bankruptcy proceeding, it will refer this matter to bankruptcy court.

BACKGROUND FACTS

Plaintiff Liberty Mutual Insurance Company alleges that Defendants engaged in fraud in connection with the settlement of adversary proceedings in bankruptcy. In 2016, Plaintiff filed suit against DeVere Construction, Cynthia Sue Gabara, Cheryl Lumsden, Richard Lee Crittenden, and Michael Crittenden, seeking to recover on construction bonds and an indemnity agreement. Subsequently, the individual indemnitors ("Debtors") filed Chapter 7 bankruptcy petitions. The Debtors did not list Tower Developers, LLC ("Tower"), as an asset. Liberty initiated adversary proceedings against each of the Debtors. After participating in mediation, Liberty, the Debtors, and the Debtors' spouses (Defendants Merton Gabara, Gary Lumsden, Tamyra Crittenden, and non-party Susan Crittenden, collectively referred to as the Non-Debtor Spouses) negotiated a global settlement agreement.[1] *See* ECF No. 1-2.

As part of the settlement, Liberty sought the liquidation of Tower, but the Non-Debtor Spouses objected, representing that Tower was owned solely by them and not the Debtors. In support, the Non-Debtor Spouses provided assignments indicating that each Debtor transferred his or her membership interest in Tower to his or her spouse in 2005. *See* ECF No. 1-1. These assignments were witnessed by Jenna Oliver and Crystal Parris, who are the daughters of the Lumsdens and Gabaras, respectively.

Relying on the assignments and believing that any potential fraudulent conveyance claim was time barred, Liberty did not pursue liquidation of Tower. ECF No. 1 at ¶¶ 37-39. The parties executed the Settlement Agreement on March 2, 2018, and the adversary proceedings were dismissed on April 19, 2018. The dismissal orders provided that the adversary proceedings may be reopened for the purpose of enforcing the Settlement Agreement.

---

[1] Merton Gabara, Gary Lumsden, and Tamyra Crittenden are sued in their capacities as trustees for their trusts. They signed the Settlement Agreement as individuals and as trustees for their trusts. ECF No. 1-2.

2

In November 2019, one of the Non-Debtor Spouses, Susan Crittenden, contacted Liberty's counsel. Susan Crittenden claimed that the Debtors fraudulently transferred their interests in Tower to the Non-Debtor Spouses in 2016 and backdated the assignments to 2005. She signed an affidavit stating that the purpose of the transfers was to avoid any lien or liquidation of Tower by Liberty. ECF No. 1 at ¶ 41. As corroboration, Susan Crittenden stated that Oliver and Parris witnessed the assignments by signing their married names, although they were not yet married at the time the assignments were purportedly executed in 2005.

Liberty filed this action against Non-Debtor Spouses Merton Gabara, Gary Lumsden, and Tamyra Crittenden, as well as Oliver and Parris. Liberty alleges claims for fraudulent inducement and conspiracy to commit fraud. Defendants have filed motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6).

## LAW AND ANALYSIS

The Non-Debtor Spouse Defendants (Merton Gabara, Gary Lumsden, and Tamyra Crittenden) contend that the court lacks subject matter jurisdiction over this case and that Plaintiff should seek relief in bankruptcy court. As discussed below, the court finds that it has "related to" bankruptcy jurisdiction over this matter and that dismissal is therefore not appropriate under Federal Rule of Civil Procedure 12(b)(1).

District courts have jurisdiction over bankruptcy cases, including "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), district courts may refer bankruptcy proceedings to bankruptcy court. In this district, bankruptcy matters are automatically referred to bankruptcy court pursuant to LR 83.50, which provides that "[u]nless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges." *Id.* This rule is consistent with the court's intent "to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction." LR 83.50(a)(1).

"[F]or purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991). "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996) (quoting *Pacor*, 743 F.2d at 994). "Proceedings 'related to' the bankruptcy include . . . suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995). "A proceeding 'need not necessarily be

3

against the debtor or against the debtor's property' to satisfy the requirements for 'related to' jurisdiction." *Dow Corning*, 86 F.3d at 489 (citation omitted). However, "there must be some nexus between the 'related' civil proceeding and the title 11 case." *Id.*

Plaintiff argues that the outcome of this suit could not conceivably impact the bankruptcy estates, because they have been fully administered and dismissed. "It is true that '[a]t the most literal level, it is impossible for a bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred.'" *In re HNRC Dissolution Co.*, 761 Fed. Appx. 553, 560 (6th Cir. 2019) (quoting *Greektown Holdings*, 728 F.3d at 577). But the Sixth Circuit "has not read the test so literally," noting that § 1334(b) "does not distinguish between pre- and post-confirmation jurisdiction." *Id.*

In *HNRC Dissolution*, the plaintiff alleged that he was the rightful owner of an account that had been included in the debtor's estate and that was the subject of an adversary interpleader proceeding. The district court found "related to" jurisdiction under § 1334(b) and referred the matter to bankruptcy court. The Sixth Circuit affirmed, rejecting the plaintiff's argument that the "there was no longer a bankruptcy estate that could be affected" by the outcome of the suit. *Id.* at 560. The court noted that the plaintiff raised issues related to the validity and enforcement of the orders of the bankruptcy court and sought relief that could result in the readministration of the estate. *Id.*

Consistent with *HNRC Dissolution*, the dismissal of the bankruptcy cases does not necessarily preclude "related to" jurisdiction over this suit. Plaintiff does not otherwise challenge bankruptcy jurisdiction here. In settling the adversary proceedings, Plaintiff relied on Defendants' representation that Tower was not an asset of the Debtors and did not pursue that claim. Plaintiff seeks to rescind the Settlement Agreement, to which the Debtors are parties. Plaintiff also implicitly contends that Tower was fraudulently transferred and should have been an asset of the estates. *See* ECF No. 1 at ¶¶ 36-39, 42, 57-59, 67. Were Plaintiff to prevail on its claim, it is conceivable that the bankruptcy case could be reopened and Debtors' estates could be re-administered to account for the Tower assets. *See HNRC Dissolution*, 761 Fed. Appx. at 560 (finding "related to" jurisdiction when, if the plaintiff "were to succeed in undoing the confirmed sale, it could conceivably require re-administration of the Account in bankruptcy"); *see also* 11 U.S.C. § 350(b) (bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause"). Therefore, the "related to" jurisdictional test is met.

Defendants argue, without support, that the presence of bankruptcy jurisdiction requires the court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. As discussed above, the court does not lack subject matter jurisdiction. Because the court has jurisdiction under § 1334(b), it will refer this case to the bankruptcy court pursuant to § 157(a) and LR 83.50. The court otherwise makes no ruling regarding the pending motions to dismiss, which are properly addressed by the bankruptcy court.

Accordingly, IT IS HEREBY ORDERED that this case is REFERRED to the Bankruptcy Court for the Eastern District of Michigan.

Subsequently, Defendants Oliver and Parris filed a Joint Motion for Reconsideration arguing that since their Motion to Dismiss was based on the Plaintiff's failure to state a claim upon which relief can be granted, the District Court should reconsider its December 8, 2020 Order. Likewise, Defendants Gabara, Lumsden and Crittenden filed a Motion for Reconsideration seeking a different result. All Defendants sought a clarification of certain statements made by the District Court.

On January 5, 2021, the District Court entered an Order Clarifying ECF No. 22 and Denying Defendants' Motion for Reconsideration. As stated by the District Court:

### ORDER CLARIFYING ECF NO. 22 AND DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION

Before the court are two motions for reconsideration, one filed by Defendants Merton Gabara, Gary Lumsden, and Tamyra Crittenden, and the other filed by Defendants Jenna Oliver and Crystal Parris. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Both sets of Defendants seek clarification of the court's December 8, 2020 order referring this case to bankruptcy court. *See* ECF No. 22. Defendants request that the court clarify that its "Background Facts" section does not represent findings of fact, but only a recitation of Plaintiff's allegations. Given the procedural posture of this case, the court does not believe that its order could be misconstrued as setting forth findings of fact. Nonetheless, to allay Defendants' concerns, the court clarifies that it did not make findings of fact, but recited the allegations in Plaintiff's complaint for purposes of satisfying itself that it had subject matter jurisdiction.

Defendants Oliver and Parris also argue that the court's order contained a palpable defect. Oliver and Parris contend that they did not argue that the court lacked subject matter jurisdiction or that this case should be heard by the bankruptcy court. They also assert that they were not involved in the underlying bankruptcy or settlement. Although Oliver and Parris argue that these are palpable

defects, they do not "also show that correcting the defect will result in a different disposition of the case." LR 7.1(h)(3).

By implication, these defendants suggest that the claims against them should not have been referred to bankruptcy court. Oliver and Parris do not, however, provide authority for this proposition. The court determined that it has "related to" bankruptcy jurisdiction over this action pursuant to 28 U.S.C. § 1334(b). *See* ECF No. 22 at 276-79. Oliver and Parris do not argue or provide authority that the court erred in this regard.

Accordingly, except for the clarification set forth in this order, IT IS HEREBY ORDERED that Defendants' motions for reconsideration (ECF Nos. 23, 24) are DENIED.

Defendants Oliver and Parris assert in their Motion to Dismiss that this Court lacks subject matter jurisdiction under Rule 12(b)(1), warranting dismissal of this adversary proceeding against them. Specifically, they argue that Plaintiff's claims against them do not directly impact the underlying bankruptcy estates. They also assert that they never subjected themselves to the jurisdiction of these bankruptcy proceedings as debtors or as parties in any adversary proceeding, nor were they parties to the settlement agreement at issue. Thus they argue, "related to" jurisdiction as to them does not exist.

Defendants Gabara, Crittenden and Lumsden file a Motion to Dismiss for failure to state a claim under Rule 12(b)(6).

Law

Standard for Motion to Dismiss - Lack of Subject Matter Jurisdiction and Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(1) and (6), applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012, state:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;
. . . .

(6)     failure to state a claim upon which relief can be granted;
. . .

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Motion to Dismiss Standard under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the Supreme Court renounced the previously "'accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 561-62 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Supreme Court in *Twombly*, while "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level," assuming that all of the complaint's allegations are true. *Id.* at 555 (internal quotations and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Supreme Court confirmed that the *Twombly* standard applies in all federal civil actions and not just in antitrust disputes as was the case in *Twombly*. The Supreme Court also emphasized that the assumption that all of the allegations are true does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, the Supreme Court noted that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In summary, while the plausibility standard first set forth by *Twombly* does not require "'detailed factual allegations'" or a showing of probability, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), "'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory,'" *Digeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). When deciding a Rule 12(b)(6) motion to dismiss, the Court "must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The defendant has the burden of showing that the plaintiff failed to state a plausible claim for relief. *Id.*

The law has otherwise been sufficiently stated and summarized by the District Court in its December 8, 2020 Order.

<u>Analysis</u>

A.   <u>Motion to Dismiss – Defendants Oliver and Parris</u>

The District Court clearly held that the "'related to' jurisdictional test is met." This is a troubling hurdle for this Court to overcome, unless the District Court's Order can be interpreted to convey related to jurisdiction upon this Court to determine whether related to jurisdiction, exists. Defendants Oliver and Parris present a strong argument that even if Plaintiff's claims against them were successful and this Court found they had committed fraud, any damages and recovery would seemingly not have an effect on the administration of these bankruptcy cases. In their view, this presents a classic, non-debtor versus two non-debtors scenario in which even related to jurisdiction does not exist.

While both Defendants may be correct, this Court is bound to follow the decision of the District Court in this case. Both the December 8, 2020 and January 5, 2021 Orders state the District Court has jurisdiction, so by extension this court does as well, especially since the District Court specifically referred this matter to this Court. This Court understands and appreciates the fervor Defendants Oliver and Parris have regarding their argument, but it is for the Sixth Circuit Court of Appeals or the United States Supreme Court to reverse the District Court, not this Court. The Motion to Dismiss of Defendants Jenna Oliver and Crystal Parris is denied.

B. <u>Motion to Dismiss – Defendants Gabara, Lumsden and Crittenden</u>

Defendants Gabara, Lumsden and Crittenden argue that Rule 12(b)(6) dictates that this Court dismiss the action against them. Per these Defendants, Liberty Mutual cannot demonstrate the elements of fraudulent inducement, which are:

1) The Defendant made a material representation regarding a past or existing fact.

2) The representation was false.

3) The Defendant either knew the representation was false or made it recklessly without knowledge of its truth.

4) The representation was made with the intent that Plaintiff would act upon it.

5) The Plaintiff did act in reliance on the representation, which caused the Plaintiff to suffer damages.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976).

These Defendants further argue that the Settlement Agreement contains clauses that neither party relied on written or oral representations of the other.[2] Liberty Mutual takes the opposite

---

[2] The relevant provision of the Settlement Agreement states:

> 19. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties and supersedes any prior discussions or agreement. No modifications of this Agreement shall be binding on any such party unless it has been agreed to in writing, signed by the party to be bound, and identified as an amendment to this Agreement.

ECF No. 1-2, Exhibit 2, p. 11.

9

20-02053-dob    Doc 52    Filed 05/12/21    Entered 05/12/21 15:07:42    Page 9 of 11

view and asserts these Defendants had a duty to disclose the information about their ownership in Tower Developer.

Counsel for the Plaintiff and these Defendants continued the disagreement about disclosure during oral argument, with Defendants' counsel pointing out that certain documents were provided, with Plaintiff's counsel taking the opposite view.

This leaves the Court with the impression that there are factual issues which cannot be resolved as a matter of law at this time. Both parties marshal facts that support their respective interpretation of the Settlement Agreement that could lead this Court to a legal conclusion, but these facts are not established at this time. On the face of the Complaint, Plaintiff has stated a claim. Whether Plaintiff can prove that claim remains to be seen.

Defendants also argue that Plaintiff's Complaint is untimely under Rule 60 in that the Complaint was filed long after this Court dismissed the adversary proceedings against Richard Crittenden, Michael Crittenden, Cynthia Gabara, and Cheryl Lumsden. But as Liberty Mutual points out, the Defendants in this action were not Defendants in the adversary proceeding, so Rule 60 is inapplicable. Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding . . . .". Defendants were not parties in the previous adversary proceeding, nor are they parties' legal representative. Thus, Liberty Mutual is correct, and Defendants' Rule 60(b) argument fails.

Finally, Defendants argue Liberty Mutual is barred from bringing this action by laches. In support, Defendants point to the finalization of the sale of Crittenden Retreat, the last asset to be sold under the Settlement Agreement some four months after the instant complaint was filed in District Court. Consistent with the Settlement Agreement, Liberty Mutual received 64% of the net proceeds of the sale. Defendants argue Liberty Mutual is barred by laches or has ratified the Settlement Agreement because it accepted these proceeds. In response, Liberty Mutual reminds

10

20-02053-dob    Doc 52    Filed 05/12/21    Entered 05/12/21 15:07:42    Page 10 of 11

the Court that laches is a defense with the burden of proof on the Defendants. Also, Liberty Mutual questions the delay of four months and the prejudice to Defendants.

Again, the Court is reminded that the early stages of this action weigh against Defendants. Liberty Mutual may be barred by laches, but this is a defense and is fact intensive. While the Court denies Defendants' Motion at this time, Defendants make strong arguments that may not bode well for Liberty Mutual. For example, Defendants facially do have a strong claim that the proceeds from the Crittenden Retreat sale received by Liberty Mutual should be returned. Likewise, Liberty Mutual was able to thread the legal needle as to the contractual language for purposes of this Motion to Dismiss, but limited discovery that is appropriate here may make that task harder, if not impossible. As to Defendants Oliver and Parris, the allegations at this time do not address what, if any, liability they may have. Moreover, if liability for them exists, what is the measure of damage?

On the other hand, the affidavit of Susan Crittenden raises disturbing facts – or perhaps not. Limited, focused, and concise discovery should be available to answer the questions raised here.

## Conclusion

For the reasons stated in this Opinion, the Motion to Dismiss of Defendants Oliver and Parris is denied. The Motion to Dismiss of Defendants Gabara, Lumsden and Crittenden is denied.

**Signed on May 12, 2021**



/s/ Daniel S. Opperman
_____
**Daniel S. Opperman**
**United States Bankruptcy Judge**